**AMERICAN FUEL OIL & TRANSPORTATION CO. et al. v. JOHN R. ADAMS & CO. et al. SAME v. SABINE ICE, WATER & TOWING CO. et al. THE SANTA RITA.**

(Circuit Court of Appeals, Fifth Circuit. March 22, 1923.)

Nos. 3996, 3997.

Maritime liens ⬅️65—Allowance of claim for supplies held sustained by evidence.
    Findings of the trial court as to the quantity of supplies furnished to a vessel, and for which a lien was allowed, *held* sustained by the evidence.

Appeals from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suits in admiralty by John R. Adams & Co. and others and by the Sabine Ice, Water & Towing Company and others against the Steamship Santa Rita; the American Fuel Oil & Transportation Company, claimant. Decrees for libelants, and claimant appeals. Affirmed.

George Denegre, Victor Leovy, Henry H. Chaffe, and Harry McCall, all of New Orleans, La., for appellants.

John D. Grace and M. A. Grace, both of New Orleans, La. (John D. Grace, M. A. Grace, and Edwin H. Grace, all of New Orleans, La., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. These two separate cases, which were not consolidated, were heard together in the trial court and in this court. The cases are alike in several respects. In each of them a libel against the steamship Santa Rita asserted a claim for supplies furnished to that ship during the period of nearly two months between the date of a fire in its engine room, while it was on its way to sea from Port Arthur, and the date of its sailing. The bills upon which the claims asserted in the two cases were based were approved in writing by the vessel's master and its chief engineer, and most of them were approved also by C. M. Prior, who was the vessel owner's marine

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

superintendent when the supplies were claimed to have been furnished. In each of the cases the testimony of one witness, C. P. Minning, is relied on to overcome evidence offered by the libelant which tended to prove the correctness of the claims allowed, and the only question presented in each of the cases is the one of fact as to the correctness vel non of the bills for which the vessel was held to be liable.

As to the decree in favor of John R. Adams & Co. no more need be said than that the testimony relied on to bring about the setting aside of the trial court's conclusion, which was embodied in its decree, is not deemed to be such as to justify that result; that we have not been convinced that the trial court's finding was against the preponderance of the evidence adduced.

The claim of the Sabine Ice, Water & Towing Company was for ice, boiler water, and drinking water. As to the ice and 266 tons of boiler water, the claim is not contested. The prices charged per ton for the two kinds of water are not here questioned. The claimant, the shipowner, undertook to prove by the witness Minning that greatly less than the amount of water charged for was supplied to the ship. His testimony is largely argumentative. He had no personal knowledge of what occurred during the period of about seven weeks between the date of the fire on the vessel and the date of his arrival at Beaumont on August 14th. Evidence disclosed that large quantities of water were required and used in cleaning and repair work done on the ship after the fire. It was not shown that contractors who were employed to do such work agreed to furnish water required or charged the ship therefor. It was not shown that the aggregate of the water so used and what the ship had aboard when it sailed was less than the amount for which the approved bills were rendered.

Minning's criticism of the amount of drinking water charged for, on the ground that such amount was greatly more than was required, or was usable for drinking while the ship was delayed as a result of the fire and during the voyage it was to make, involves the assumption, unsupported by evidence, that when water was required after the fire for cleaning and repair work drinking water on hand was not used for those purposes. His criticism of one of the bills for boiler water, on the ground that the amount charged for was more than the ship's boiler water tank would hold, is not persuasive, in view of evidence tending to prove that bills rendered were for the aggregate amount of several deliveries. His testimony alone is relied on to support a finding that the furnisher of ice and water for the ship is undertaking to consummate a gross fraud, and that the shipowner's other employees, the master, the chief engineer, and the marine superintendent, who were not discredited by other evidence, aided in the perpetration of that fraud. We have not been convinced that the trial court should have accorded such effect to that testimony, or that its finding and decree were unwarranted by the evidence adduced.

We conclude that the decree in each of the cases should be affirmed; and it is so ordered.